```
                    FILED
           CLERK, U.S. DISTRICT COURT

                 08/13/2025

         CENTRAL DISTRICT OF CALIFORNIA
         BY: _____AP_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAIME HECTOR RAMIREZ,<br><br>　　　　Defendant. | ED CR No. 5:25-cr-00264-SSS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

　　The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

　　On or about July 19, 2025, in Riverside County, within the Central District of California, defendant JAIME HECTOR RAMIREZ knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

　　1.　A Smith & Wesson, Model M&P 9 Shield, 9mm Luger caliber pistol, with an obliterated serial number;

　　2.　One round of Ammo Inc. 9mm Luger caliber ammunition;

　　3.　One round of Winchester 9mm Luger caliber ammunition;

　　4.　One round of Fiocchi 9mm Luger caliber ammunition; and

　　5.　One round of Blazer 9mm Luger caliber ammunition.

Defendant RAMIREZ possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Auto Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number INF042694, on or about December 19, 2002;

2. Possession of a Stolen Vehicle, in violation of California Penal Code Section 496d(a), in the Superior Court of the State of California, County of Riverside, case number RIF108674, on or about July 10, 2003;

3. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF114177, on or about November 4, 2004;

4. Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF141329, on or about February 19, 2008;

5. Gang Member Armed in Public, in violation of California Penal Code Section 12031(a)(2)(c), in the Superior Court of the State of California, County of Riverside, case number RIF150713, on or about October 8, 2009;

6. Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF1100248, on or about January 31, 2011;

7. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF1201954, on or about January 25, 2013;

8. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, case number RIF1311475, on or about November 21, 2013;

9. Assault by Means of Force Likely to Cause Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Riverside, case number SWF1601096-2, on or about December 20, 2019;

10. Felony Evasion of a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Riverside, case number RIF1701803, on or about August 21, 2020;

11. Transport a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Riverside, case number RIF2003285, on or about September 15, 2021; and

12. Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number RIF2003285, on or about September 15, 2021.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Office