CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JAMES ANGLIN FLYNN (Bar No. 337608)
Email: james_flynn@fd.org
DREW HAVENS (Bar No. 306280)
AYAH A. SARSOUR (Bar No. 340280)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012-4202
Telephone: (213) 894-2854
Fax: (213) 893-0081

Attorneys for Defendants
ISMAEL GARCIA, JR. &
JAIME HECTOR RAMIREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-655-MEMF |
| *Plaintiff*, | |
| v. | |
| ISMAEL GARCIA, JR., | |
| *Defendant*. | |
| UNITED STATES OF AMERICA, | Case No. 5:25-cr-264-SSS |
| *Plaintiff*, | |
| v. | **Defendants' Supplemental Brief in Support of Motion to Dismiss Indictment and to Disqualify** |
| JAIME HECTOR RAMIREZ, | |
| *Defendant*. | |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................2

I. The Court should grant the proposed disqualification remedy, which tracks the functions Mr. Essayli is unlawfully exercising, not his titles. ..........2

II. Without the "acting U.S. Attorney" hat, Mr. Essayli would at most wear the "special attorney" hat...................................................................................4

III. If the Court concludes that the delegation to Mr. Essayli violates § 3347, he may not supervise criminal proceedings in this district. ............................5

IV. If the Court concludes otherwise, it should even more seriously consider the other requested remedies. ..........................................................................7

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1 (D.D.C. 2020) ................................4

4

*United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020)..............................3, 7

5

*United States v. Garcia*, No. 2:25-cr-230, 2025 WL 2784640 (D. Nev.

6

    Sept. 30, 2025) ................................................................................2

7

*United States v. Giraud* ("*Giraud*"), No. 1:24-cr-768, 2025 WL 241673

    (D.N.J. Aug. 21, 2025) ...........................................................2, 5, 7

8

*United States v. Giraud*, No. 1:24-cr-768, 2025 WL 2196794 (D.N.J. Aug. 1,

9

    2025) ................................................................................................2

10

**Statutes and Constitutional Provisions**

11

28 U.S.C. § 509 ...............................................................................4

12

28 U.S.C. § 510 ...............................................................................4

13

28 U.S.C. § 515 ............................................................................2, 4

14

28 U.S.C. § 542 .........................................................................3, 4, 5

15

28 U.S.C. § 543 ............................................................................3, 8

16

28 U.S.C. § 546 ............................................................................1, 8

17

5 U.S.C. § 3101 ................................................................................4

18

5 U.S.C. § 3345 ..................................................................1, 2, 3, 5, 6, 7, 8

19

5 U.S.C. § 3347 ....................................................................1, 3, 6, 7, 8

20

5 U.S.C. § 3348 ................................................................................7

21

U.S. Const. art. II, § 2, cl. 2 ...........................................................7

22

23

24

**Regulations**

28 C.F.R. § 0.137 ...............................................................................1, 4, 5

28 C.F.R. § 600.1 .......................................................................................3

**Other Sources**

*Entry Level (Honors Program) & Experienced Attorneys*, U.S. Dep't of Just.
(updated June 30, 2025), https://perma.cc/7TTQ-LTUM ...................................3

# INTRODUCTION

At the hearing on the motions to dismiss and to disqualify, the Court asked the parties to consider how the proposed disqualification remedy would play out, should the Court conclude that Mr. Essayli is not lawfully serving as acting U.S. Attorney under the Federal Vacancies Reform Act, 5 U.S.C. § 3345(a). Would Mr. Essayli be left wearing "special attorney" or "first assistant" hats, and would he still be able to lead the U.S. Attorney's office in those capacities?

This brief starts by addressing the proposed remedy at the heart of those questions: disqualifying Mr. Essayli from participating in and supervising criminal prosecutions in this district. This functional remedy tracks the functional analysis embedded in the statute being violated, and it is well within this Court's supervisory authority. In granting this remedy, the Court would not need to sort through hats and labels: Mr. Essayli has wielded expansive prosecutorial powers without legal authorization, and he should be barred from doing so going forward—end of story.

Recognizing, however, that the Court may instead decide to structure its remedy by reference to those hats and labels, the brief then turns to examine those. It explains that if Mr. Essayli is not the lawful acting U.S. Attorney, he would at most retain the position of special attorney. The Attorney General has also assigned a regulatory label—"first assistant"—that is used to order succession within the Department of Justice. *See* 28 C.F.R. § 0.137(b).

But as the defense has argued, the FVRA's exclusivity provision, 5 U.S.C. § 3347(b), does not permit the delegation of a U.S. Attorney's powers to someone appointed through means other than § 3345 or 28 U.S.C. § 546. A special attorney purportedly appointed under 28 U.S.C. § 515 cannot wield those powers, regardless

1  whether he is granted the regulatory "first assistant" label.

2      If the Court does not disqualify Mr. Essayli from supervising prosecutions, that

3  would be all the more reason to grant the defense's other proposed remedies.

4  Whatever remedies the Court adopts, they should have adequate deterrent effect, and

5  they should make clear to defendants and to the public that our system of justice will

6  not tolerate "tricks" in the appointment of the prosecutors who manage their liberty.

7                                **ARGUMENT**

8  **I.    The Court should grant the proposed disqualification remedy, which**

9        **tracks the functions Mr. Essayli is unlawfully exercising, not his titles.**

10     The motions asked the Court to "disqualify Mr. Essayli and any attorneys

11  working under his supervision from participating in criminal prosecutions in this

12  district." Mot. 61.[1]  In the alternative, they asked the Court to do so with respect to

13  these cases alone.  *Id.*  And they made clear that the assistant U.S. Attorneys handling

14  these cases could continue to do so, so long as Mr. Essayli is not supervising them.

15  Mot. 62; Reply 36–38.  Moreover, the administration remains free to appoint an acting

16  U.S. Attorney under § 3345(a)(2) or (a)(3) or to nominate a permanent officeholder.

17     The Court should adopt the proposed disqualification remedy, which tracks the

18  remedies adopted in New Jersey and Nevada.[2]  This remedy is tied to the functions

19

20  [1]  Citations to the motions refer to *Garcia*, Dkt. 21, No. 2:25-cr-655-MEMF.

21  [2]  *See United States v. Giraud* ("*Giraud*"), No. 1:24-cr-768, 2025 WL 2416737, at *30
22  (D.N.J. Aug. 21, 2025), *appeal set for argument*, No. 25-2635 (3d Cir. Oct. 20,
    2025); *United States v. Giraud*, No. 1:24-cr-768, 2025 WL 2196794, at *7–11
23  (D.N.J. Aug. 1, 2025); *United States v. Garcia*, No. 2:25-cr-230, 2025 WL
    2784640, at *18–19 (D. Nev. Sept. 30, 2025), *appeals consolidated*, No. 25-6229
24  (9th Cir. Oct. 9, 2025).

*UNITED STATES v. GARCIA & RAMIREZ*                    SUPPLEMENTAL BRIEF – 2

Mr. Essayli is exercising, rather than the titles he claims.  That is by design: the functional remedy matches the functional nature of the statutory violation under the FVRA, which is not principally concerned with titles but rather limits the "perform[ance]" of "functions and duties."  5 U.S.C. §§ 3345(a)(1), 3347(a).

Because the Court is tasked with fashioning an equitable remedy that ensures integrity and deterrence, its authority is not limited to striking specific titles or labels. *See United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020).  Should the Court adopt this proposal, it need not answer ancillary questions about the various hats Mr. Essayli may be wearing: the Court's order would bar him personally from participating in or supervising cases in this district wearing any hat.

Such an order would also bar participation or supervision if the administration were to attempt to make another appointment or designation in order to salvage Mr. Essayli's tenure—for instance, as an assistant U.S. Attorney under 28 U.S.C. § 542, a special attorney under § 543, or a special counsel under 28 C.F.R. § 600.1.[3] Any such future attempts should be seen for what they are: more "tricks" that are tainted by the original violations.  They would also be further evidence that the administration has not been deterred in its determination to engineer an unlimited, indefinite hand-picking appointment power from statutes that grant only limited, temporary exceptions to Senate's advice-and-consent authority.

---

[3]  Contrary to the government's statement at the hearing, *see Garcia* Dkt. 44, at 69–70, trial attorneys at Main Justice are appointed as General Scale (GS) employees under 5 U.S.C. § 3101, not special attorneys under 28 U.S.C. § 515.  *See, e.g.*, *Entry Level (Honors Program) & Experienced Attorneys*, U.S. Dep't of Just. (updated June 30, 2025) (contrasting Title 5 appointment of Main Justice attorneys with Title 28 appointment of U.S. Attorney Office attorneys), https://perma.cc/7TTQ-LTUM.  The proposed remedy does not implicate § 3101 or those positions.

1   **II.    Without the "acting U.S. Attorney" hat, Mr. Essayli would at most**

2           **wear the "special attorney" hat.**

3           Of all the titles currently in play, Mr. Essayli inhabits at most only one actual

4   office at the Department of Justice: the Attorney General purported to hire him as

5   special attorney under 28 U.S.C. §§ 509, 510, and 515.  Resp. Ex. 3, *Garcia* Dkt. 36-3;

6   *contra* Reply 18-19.

7           In that same order, the Attorney General designated this new special attorney as

8   the first assistant to this district's U.S. Attorney.  Resp. Ex. 3.  That was not a separate

9   appointment to another job, like an appointment as an assistant U.S. Attorney under

10  § 542.  *See Garcia* Dkt. 44, at 73 (conceding no appointment under § 542).  Rather,

11  "first assistant" is a label that the Attorney General assigns under a Department

12  regulation implementing the FVRA.  28 C.F.R. § 0.137(b)[4]; *L.M.-M. v. Cuccinelli*, 442

13  F. Supp. 3d 1, 27 (D.D.C. 2020) ("[B]y the time Congress enacted the FVRA a practice

14  had developed of designating some first assistants by regulation….").

15          Under the government's backfilling theory, once that "first assistant" label was

16  assigned to Mr. Essayli, § 3345(a)(1) applied retroactively—in the past tense—and gave

17  him access to a second office or "hat": acting U.S. Attorney.  *Contra* Reply 10–17.

18          Finally and separately, an assistant director of human resources purported to

19  delegate all the powers of a U.S. Attorney wholesale to Mr. Essayli in his capacity as

20

21  ―――――――――――――

    [4]  "Every office within the Department to which appointment is required to be made

22  by the President with the advice and consent of the Senate ('PAS office') shall have
    a First Assistant within the meaning of the [FVRA].  Where there is a position of

23  Principal Deputy to the PAS office, the Principal Deputy shall be the First Assistant.
    Where there is no position of Principal Deputy to the PAS office, the First Assistant

24  shall be the person whom the Attorney General designates in writing."

*UNITED STATES v. GARCIA & RAMIREZ*                    SUPPLEMENTAL BRIEF – 4

special attorney.  Resp. Ex. 4, Dkt. 36-4; *contra* Reply 19.

So, what happens if the Court agrees that § 3345(a)(1) did not elevate Mr. Essayli in order to give him access to the acting U.S. Attorney hat?  He would retain at most a "special attorney" hat with two features: the "first assistant" regulatory label and the HR-delegated U.S. Attorney powers.  The next section addresses the remedy with respect to his exercise of powers wearing that hat.

## III. If the Court concludes that the delegation to Mr. Essayli violates § 3347, he may not supervise criminal proceedings in this district.

As the defense has previously argued, the purported delegation of U.S. Attorney powers to Mr. Essayli in his special-attorney capacity was improperly made by a human-resources manager and, regardless, violates § 3347.  Mot. 36; Reply 19.  If the Court agrees, that would leave Mr. Essayli with the special attorney hat and the "first assistant" label.  Neither would permit him to continue to supervise criminal proceedings in this district.

First, the "first assistant" label would provide no such authorization.  Because that regulatory label is merely a means of ordering succession under the FVRA, it does not confer additional powers unless and until a future FVRA vacancy occurs and § 3345(a)(1) is triggered.  28 C.F.R. § 0.137(b).

Second, assuming the wholesale delegation of U.S. Attorney powers is invalid, Mr. Essayli would in fact possess no delegated powers at all.  *See Giraud*, 2025 WL 2416737, at *21 (examining "the validity of the delegation" based on "its full scope" and rejecting the government's "myopic perspective" that the Court should examine the delegation as "applie[d] in these cases alone").

The defense anticipates the government may attempt some other future

1  delegation—of a subset of the U.S. Attorney's powers—along the lines of the

2  hypotheticals described at the hearing.  Could Mr. Essayli be delegated some share of a

3  U.S. Attorney's powers short of the whole bucket?

4  As explained above, the proposed disqualification remedy would avoid the need

5  to adjudicate these hypotheticals as they arise in each and every criminal case.  But the

6  defense submits that a delegation to supervise (for example) all criminal matters would

7  constitute enough of the "pie" of U.S. Attorney powers that it would violate § 3347.

8  After all, without a valid acting official, "the office shall remain vacant."  5 U.S.C.

9  § 3348 (b).  The administration cannot circumvent this powerful enforcement

10  mechanism by transferring a lion's share of the powers to Mr. Essayli indefinitely.

11  Consider the hypothetical where someone other than the first assistant is validly

12  appointed acting U.S. Attorney under § 3345(a)(2).  Then suppose the President

13  nominates that person to the permanent office.  That person could no longer serve under

14  § 3345(b)(1)'s bar on nominees.  Could the temporary designation be salvaged by re-

15  delegating most (but not *all*) of the U.S. Attorney's powers—e.g., to supervise all

16  matters except for qui tam cases?  At some point, the delegation is significant enough

17  that it looks and quacks like a temporary appointment—and violates § 3347.

18  Such a delegation would also violate the Appointments Clause.  The parties agree

19  that temporary U.S. Attorneys are at least inferior officers.  *See* Resp. 15 ("Mr. Essayli

20  is an inferior officer for two reasons.").  The same would be true if Mr. Essayli were

21  delegated most (even if not all) of a U.S. Attorney's powers in his capacity as special

22  attorney.  All the more so because, *unlike* an acting U.S. Attorney, he would be

23  authorized to serve indefinitely.  *See* Mot. 53–54; Reply 31.  But inferior officers must

24  be confirmed by the Senate, unless Congress has authorized an exception to the Senate's

advice-and-consent authority.  U.S. Const. art. II, § 2, cl. 2.

Congress has never authorized the Attorney General to appoint a never-confirmed individual to wield these (at least) inferior officer powers—except through § 546(a) and the FVRA.  On the contrary, it made clear that validly appointed special attorneys must be *employees* supervised by a higher officer.  *See* 28 U.S.C. § 543(a) ("The Attorney General may appoint attorneys *to assist* United States Attorneys…." (emphasis added)).  To continue to wield the U.S. Attorney's powers—or even the bulk of them—Mr. Essayli must first be nominated and confirmed.

## IV.    If the Court concludes otherwise, it should even more seriously consider the other requested remedies.

Allowing Mr. Essayli to continue to supervise criminal prosecutions in this district—to serve de facto as the acting U.S. Attorney—would be little remedy at all.[5]  For example, it would be utterly inadequate to deter the administration's ever-spreading scheme of invalid appointments, which it has maintained even now that two courts have declared its invalidity.  *See* Mot. 56–61; *Bundy*, 968 F.3d at 1042–43.

If the Court determines not to disqualify Mr. Essayli as proposed, that is all the more reason some other effective remedy must be fashioned.  As discussed at the hearing, dismissing the indictments with prejudice would add substantially more remedial teeth—and might finally persuade the administration to reconsider whether the benefits of invalid appointments are worth their costs.

---

[5]  The Court should definitively rule that Mr. Essayli's service violates §§ 3345(a)(1) and 3347, even if it concludes that he may continue to serve in another capacity or that other remedies are unavailable.  Although the defense believes a stronger remedy is necessary, the government has consistently stressed the importance it places on the "gravitas" of the acting title.  *Giraud*, 2025 WL 2416737, at *28.

1

Respectfully submitted,

2

CUAUHTEMOC ORTEGA
Federal Public Defender

3

4    Dated: October 16, 2025          By:    */s/ James Anglin Flynn*
                                              JAMES ANGLIN FLYNN

5                                             DREW HAVENS
                                              AYAH A. SARSOUR

6                                             Deputy Federal Public Defenders

7                                             *Attorneys for Defendants*

8                                             *Ismael Garcia, Jr. &*
                                              *Jaime Hector Ramirez*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24