TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
STEPHEN T. MERRILL (Cal. Bar No. 255827)
Special Assistant United States Attorney
  Riverside Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone:  (951) 276-6144
    Facsimile:  (951) 276-6202
    E-mail:     Stephen.Merrill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 25-264-SSS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JAIME HECTOR RAMIREZ, | |
| Defendant. | CURRENT PRETRIAL CONFERENCE DATE: 2/6/2026, 9:00 a.m.<br>PROPOSED PRETRIAL CONFERENCE DATE: 7/31/2026, 9:00 a.m.<br><br>CURRENT TRIAL DATE: 2/23/2026, 9:00 a.m.<br>PROPOSED TRIAL DATE: 8/17/2026. 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Stephen T. Merrill, and defendant Jaime Hector Ramirez ("defendant"), both individually and by and through his counsel of record, Ayah Sarsour, hereby stipulate as follows:

1. The Indictment in this case was filed on August 13, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were

pending on August 19, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 28, 2025.

2. On August 19, 2025, the Court set a trial date of October 6, 2025, and a status conference date of September 19, 2025.

3. On September 4, 2025, the Court continued the trial date to February 23, 2026, and the pretrial conference to February 6, 2026.

4. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately three days.

5. By this stipulation, defendant moves to continue the trial date to August 17, 2026, and the status conference to July 31, 2026. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition. The government has produced discovery to the defense, including 436 pages of written reports, multiple videos, and approximately 69 photographs.

    b. Defense counsel for defendant has matters set for trial or other proceedings as referenced in Exhibit 1. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

    c. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.    The government does not object to the continuance.

       f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 23, 2026, to August 17, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other

//

//

provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 3, 2025                    Respectfully submitted,

                                           TODD BLANCHE
                                           Deputy Attorney General

                                           BILAL A. ESSAYLI
                                           First Assistant United States Attorney

                                           ALEXANDER B. SCHWAB
                                           Assistant United States Attorney
                                           Acting Chief, Criminal Division


                                           /s/
                                           STEPHEN T. MERRILL
                                           Special Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA


I am Jaime Hector Ramirez's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 17, 2026, is an informed and voluntary one.

_____                  12/19/25
AYAH SARSOUR                               Date
Attorney for Defendant
JAIME HECTOR RAMIREZ


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 17, 2026. I

understand that I will be ordered to appear in Courtroom two of the Federal Courthouse, 3470 Twelfth Street, Riverside, California on February 2, 2026, at 9:00 a.m.

X [signature]　　　　　　　　　　　　　　　X 12/19/25
JAIME HECTOR RAMIREZ　　　　　　　　Date
Defendant


1
2
3
4
5
6
7
8
9
10
11                                    EXHIBIT 1
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AYAH's TRIAL CONFLICTS

UPDATED  11/26/2025

**********************************************************************

**Counsel's Currently Scheduled Trials in Other Actions**

1. **United States v. Armando Aguirre**, Case No. ED 25-cr-10-JGB, U.S. District Court, Central District of California (Hon. JGB).
   Charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Possession with Intent to Distribute Methamphetamine). Arraigned January 30, 2025. One continuance granted. *Trial Date:* March 17, 2026. *(Estimated length: two days.)* Defendant is out of custody.

2. **United States v. Bradley Albert Bartholomew**, Case No. ED 25-cr-56-SSS, U.S. District Court, Central District of California (Hon. SSS).
   Charged with violations of 18 U.S.C. § 2422(b); 18 U.S.C. §§ 2251(a), (e); 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2); and 18 U.S.C. §§ 2428, 2253. Arraigned March 10, 2025. One continuance granted. *Trial Date:* April 6, 2026. *(Estimated length: three to four days.)* Defendant is out on bond.

3. **United States v. Arcenio Lozano Camacho**, Case No. ED 25-cr-90-FMO, U.S. District Court, Central District of California (Hon. FMO).
   Charged with 18 U.S.C. § 1326 (Illegal Alien Found in the United States Following Deportation). One continuance granted. *Trial Date:* August 4, 2026. Defendant is out of custody.

4. **United States v. Desiree Dolores Chavira**, Case No. ED 25-cr-28-JGB, U.S. District Court, Central District of California (Hon. JGB).
   Charged with violations of 18 U.S.C. §§ 1341, 1343, and 1029(a)(5). One continuance granted. *Trial Date:* February 10, 2026. Defendant is out of custody.

5. **United States v. Carlos Jimenez**, Case No. ED 25-25-366-KK, U.S. District Court, Central District of California (Hon. KK).
   Charged with violations of 18 U.S.C. § 111. No continuance requested. *Trial Date:* January 12, 2026. Defendant is out of custody.

6. **United States v. Katherine Rachel Lagos**, Case No. LA 24-cr-753-MWC, U.S. District Court, Central District of California (Hon. MWC).
   Charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Distribution of Fentanyl Resulting in Death). Two continuances granted. *Trial Date:* May 18, 2026. Defendant is out on bond.

7. **United States v. Raymond Samuel Martinez**, Case No. ED 24-cr-244-KK-2, U.S. District Court, Central District of California (Hon. KK).
   Charged with violations of 18 U.S.C. §§ 922(a)(1)(A), 922(o)(1); 26 U.S.C. § 5861(d); and 21 U.S.C. §§ 841(a)(1), (b)(1)(C). One continuance granted. *Trial Date:* June 22, 2026. Defendant is out of custody.

8. **United States v. Jose Margarito Pliego-Pineda**, Case No. ED 25-cr-89-RGK, U.S. District Court, Central District of California (Hon. RGK).
   *Trial Date:* February 24, 2026. Defendant is in custody.

9. **United States v. Jaime Hector Ramirez**, Case No. ED 25-cr-264-SSS, U.S. District Court, Central District of California (Hon. SSS).

Charged with 18 U.S.C. § 922(g) (Felon in Possession of a Firearm). One continuance granted. *Trial Date:* February 23, 2026. Defendant is out of custody.

10. **United States v. Jesus Jairo Ruiz Medina**, Case No. ED CR 24-216-JGB, U.S. District Court, Central District of California (Hon. JGB).
    Charged with 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute a Controlled Substance). CASA application submitted. Three continuances granted. *Trial Date:* June 15, 2026. *(Estimated length: three to four days.)* Defendant is out of custody.
11. **United States v. Marcos Antonio Navarrete;** Case No. ED CR 25-351-JGB, U.S. District Court, Central District of California (Hon. JGB).
    Charged with 21 U.S.C. § 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death. No continuances have been granted yet. *Trial Date:* December 23, 2025. *(Estimated length: 3-4 days.)* Defendant is in custody.
12. **United States v. Charles Angel Salva**, Case Nos. ED 24-mj-380 and ED CR 24-232-JGB, U.S. District Court, Central District of California (Hon. JGB).
    Charged with two counts of 49 U.S.C. § 46504 (Interference with Flight Crew Members and Attendants). Three continuances granted. *Trial Date:* February 24, 2026. *(Estimated length: three to four days.)* Defendant is out of custody.
13. **United States v. Daniel Sotello,** Case No 5:25-cr-00311-SSS, U.S. District Court, Central District of California (Hon. SSS). Charged with 18:1344(2): Bank Fraud 18:1029(a)(3); Possession of Unauthorized Access Devices 18:1708: Possession of Stolen Mail; 18:922(g)(1): Felon in Possession of a Firearm and Ammunition; 26:5861(d): Possession of an Un-registered Firearm; and 26:5861(i): Possession of an Un-serialized Firearm.  One continuance granted. *Trial Date:* January 26, 2026. *(Estimated length: three days.)* Defendant is in custody.
14. **United States v. Thomas Eugene Streavel**, Case No. ED 25-cr-182-MRA, U.S. District Court, Central District of California (Hon. MRA).
    Charged with 18 U.S.C. § 871 (Threats Against the President-Elect). One continuance granted. *Trial Date:* March 23, 2026. Defendant is out of custody.
15. **United States v. Contreras et al.**, Case No. 5:24-cr-00233-JLS, U.S. District Court, Central District of California (Hon. JLS).
    Charged with violations of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(i), (ii). Three continuances granted. *Trial Dates:* June 10, 2025; February 17, 2026; and March 3, 2026 (bifurcated trial). *(Estimated length: five to six days.)* Defendant is in custody.
16. **United States v. Ernesto Yglesias**, Case No. 5:24-cr-00260-JG, U.S. District Court, Central District of California (Hon. JGB). Mr. Yglesias is charged with  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine. Two continuances have been granted. *Trial Date:* February 03, 2026. *(Estimated length: three days.)* Defendant is in custody.